UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELECIE KINCHEN                                          CIVIL ACTION

VERSUS

BANKERS SPECIALTY INSURANCE                    NO. 17-00698-BAJ-RLB
COMPANY

## THIS ORDER PERTAINS TO THE FOLLOWING CASES:

| | |
|---|---|
| *Antoinette Alexander v. Bankers Specialty Insurance Company,* | 3:17-cv-01355-BAJ-RLB |
| *Brett D. Cannon v. Bankers Specialty Insurance Company,* | 3:17-cv-01356-BAJ-RLB |
| *Jessica Holiday, et al., v. Bankers Specialty Insurance Company,* | 3:17-cv-01357-BAJ-RLB |
| *Jackson M. Gaudin v. Bankers Specialty Insurance Company,* | 3:17-cv-01358-BAJ-RLB |
| *Alvin Chappuis, et al., v. Bankers Specialty Insurance Company,* | 3:17-cv-01360-BAJ-RLB |
| *Tremaine Walker v. Bankers Specialty Insurance Company,* | 3:17-cv-01364-BAJ-RLB |
| *David Williams v. Bankers Specialty Insurance Company,* | 3:17-cv-01599-BAJ-RLB |
| *Whitney Louis v. Bankers Specialty Insurance Company,* | 3:17-cv-01600-BAJ-RLB |

## RULING AND ORDER

These consolidated cases seek recovery from Defendant Bankers Specialty

Insurance Company ("Bankers") for insurance payments allegedly owed resulting

from losses caused by the Baton Rouge area Flood of August 2016 (the "Flood"). Now,

Bankers seeks to exclude Plaintiffs' retained expert, Tommy Tompkins. (Doc. 97).

Plaintiffs oppose Bankers' Motion (Doc. 98), and Bankers has filed a Reply

Memorandum. (Doc. 101).

1

Bankers' briefing is carbon-copied from the briefing submitted by Hartford Insurance Company of the Midwest ("Hartford") in its bid to exclude Mr. Tompkins from a related Flood case also pending before this Court, styled *Michelle Botos v. Hartford Insurance Company of the Midwest*, No. 3:17-cv-00495-BAJ-SDJ.[1] On March 3, 2021, the Court denied Hartford's motion to exclude Mr. Tompkins, determining, in sum, that Hartford's complaints went to Mr. Tompkins' credibility and the weight of his expert testimony and analysis, but were not proper bases for excluding him from trial. *See Michelle Botos v. Hartford Insurance Company of the Midwest*, No. 3:17-cv-00495-BAJ-SDJ (Doc. 128) (the "March 3 Order"). The Court's March 3 Order case drew substantially from Judge deGravelles' January 28, 2021 Order rejecting yet another insurer defendant's attempt to exclude Mr. Tompkins, in a related Flood case styled *Kenneth Smiley v. New Hampshire Insurance Company*, No. 17-CV-01094-JWD-EWD.

Here, again, the Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties. Bankers provides no basis for the Court to depart from its reasoning and analysis in the *Hartford* case, or, for that matter, Judge deGravelles' reasoning and analysis in the *Smiley* case. As such, the Court incorporates by reference its March 3 Order denying Hartford's motion to exclude Mr. Tompkins here. *See Michelle Botos v. Hartford Insurance Company of the Midwest*, No. 3:17-cv-00495-BAJ-SDJ (Doc. 128). Bankers' Motion will be denied for the same reasons explained in the March 3 Order.

---

[1] The fact that Bankers' briefing is identical to Hartford's is not surprising, perhaps, given that Bankers and Hartford are each represented by the same attorneys.

Accordingly,

**IT IS ORDERED** that Bankers' **Motion To Exclude Plaintiffs' Retained Expert, Tommy Tompkins, And Request For Hearing (Doc. 97) is DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall enter a copy of this Order in each of the above-referenced cases to which it pertains.

Baton Rouge, Louisiana, this _15th_ day of April, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**